UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 12cr624-CAB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REDUCE SENTENCE [Doc. No. 71]** |
| FRED B. HOVEY, III, | |
| Defendant. | |

On January 25, 2021, defendant Fred B. Hovey, III filed (under seal) a motion for sentence reduction pursuant to 18 U.S.C § 3582(c)(1)(A)(i). [Doc. No. 71.] The motion was denied without prejudice as the defendant did not demonstrate he had first exhausted his administrative remedies or that 30 days had expired since he made a request to the warden of his facility to file a motion for release on his behalf. 18 U.S.C. § 3582(c)(1)(A). [Doc. No. 72.] On February 6, 2021, the defendant filed documents demonstrating that he had exhausted administrative remedies, so the Court reinstated his motion. [Doc. No. 74.] The matter has been fully briefed and the motion is suitable for determination on the papers.

A court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18

U.S.C. § 3582(c)(1)(A)(i). Defendant requests early release because his age and medical conditions put him at an increased risk for life-threatening complications if he were to contract the Covid-19 virus in custody. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020.)

II. Case Background

The Defendant was sentenced on March 21, 2013 to 120 months in the custody of the Bureau of Prisons (BOP), followed by a four-year term of supervised release, on one count of importation of heroin, in violation of 21 U.S.C. §§ 952 and 960. [Doc. No. 55]. The defendant would have completed his custodial term before the Covid-19 pandemic struck, but he absconded from custody in April 2017. He was a fugitive for approximately 40 months until approximately August 2020 when he was arrested and returned to custody to complete his term of incarceration. [Doc. No. 71, at ¶27; Doc. No. 78, at 2.]

Defendant pled guilty to the importation of 0.62 kilograms of heroin, an offense carrying a five-year mandatory minimum term. The defendant had two prior drug trafficking convictions and was determined to be a career offender. His criminal history was lengthy, with numerous probation and supervised release revocations. He also has a lengthy history of substance abuse. The defendant's guideline range was calculated at 130 to 162 months. [Doc. Nos. 30, 37.]

The sentencing judge considered all the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense, the need for general deterrence and the defendant's personal characteristics and other mitigating factors in arriving at a slightly below guideline sentence of 120 months. [Doc. No. 55.] Because of the defendant's escape from custody in 2017 he is now scheduled for release on March 9, 2024.

III. Compassionate Release Considerations

The Court considered the § 3553(a) factors at the time of sentencing and those considerations remain largely unchanged, with the notable addition that the defendant

reoffended when he escaped custody and was a fugitive for over three years. His disregard for the law and the orders of the court demonstrate that he is a danger to the community and belie his argument that at his advanced years he is not a recidivist threat.

In support of his motion the defendant reports that he has various medical conditions that in consideration of his age make him a substantially more vulnerable to serious complications should he contract the Covid-19 virus. BOP correspondence provided by the defendant however indicates that the defendant tested positive for Covid-19 on December 18, 2020 and was placed in isolation until January 6, 2021. There is no indication that the defendant experienced any complications from his exposure.[1] Having been exposed, the defendant has not demonstrated that he is at an increased risk of re-contracting the virus before he can receive a vaccination.

The defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as set forth in the policy statement. He does not have a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility.[2] USSG 1B1.13, cmt. n.1 (A). The defendant's concerns about potential re-exposure to the COVID-19 virus alone does not qualify as an extraordinary and compelling reason to reduce his sentence.

Defendant's Motion to Reduce his Sentence is **DENIED**.

IT IS SO ORDERED.

Dated: 4/15/2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The defendant disputes his Covid-19 positive test result primarily on the basis he claims he was asymptomatic in December 2020, except for coughing attacks and an inability to breath that he had since March 2020 when he was a fugitive.

[2] The defendant devotes significant pages in his motion to complaints about health care he received while he was a fugitive. This does not support an argument that he cannot receive adequate care for his health issues in a BOP facility.